# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff/Respondent,<br>    v.<br><br>CANDELARIO ESCALANTE-<br>ESTRADA,<br><br>           Defendant/Petitioner. | CIVIL CASE NO. 07CV1360 J<br>CRIM CASE NO.  06CR0365 J<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

This matter comes before the Court on Petitioner Candelario Escalante-Estrada's ("Petitioner") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2255 ("Petition"). [Doc. No. 17.]   For the reasons set forth below, the Court **SUMMARILY DISMISSES with prejudice** Petitioner's Petition.

*Background*

Petitioner was sentenced by this Court after pleading guilty to violating 21 U.S.C. §§ 952 and 960, importation of methamphetamine. (*See* Plea Agreement at 2.)  The plea agreement provided for a sentencing range of a minimum term of imprisonment of not less than ten years and a maximum term of life in prison. (*Id.* at 4.)  On May 30, 2006, the Court sentenced Petitioner to a term of imprisonment of 57 months followed by a term of 5 years supervised release. [Doc. No. 15.]

Petitioner seeks a reduction of his sentence.  He argues that his Fourteenth

Amendment equal protection rights are being violated because as a deportable alien, he is ineligible for a one-year sentence reduction for attending a drug treatment program during incarceration and for early release to a halfway house. (Pet. at 2.)

## *Discussion*

A district court may summarily dismiss a Section 2255 motion if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; *see also United States v. Espinoza*, 866 F.2d 1067, 1069 (9th Cir. 1988); *United States v. Matthews*, 833 F.2d 161, 164 (9th Cir. 1987). Summary dismissal is appropriate even without responsive briefing from the Government. *See* 28 U.S.C. § 2255; *Baumann v. United States*, 692 F.2d 565, 571 (9th Cir. 1982). As set forth below, the Court dismisses the Petition because (1) the Court lacks jurisdiction to hear the Petition because Petitioner has waived the right to collaterally attack his sentence; and (2) the Petition fails to raise any cognizable claims for relief.

**I.     Petitioner's Waiver of His Right to Collaterally Attack His Sentence**

The Court first examines whether the Petition must be summarily dismissed for lack of jurisdiction because Petitioner waived his right to collaterally attack his sentence. A defendant may waive the statutory right to bring a § 2255 action challenging the length of his sentence. *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994); *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993). A waiver is effective if the conditions of the plea agreement have been met, the plea agreement encompasses the defendant's right to collateral attack, and the defendant knowingly and voluntarily entered into the plea agreement. *See United States v. Baramdyka*, 95 F.3d 840, 843-44 (9th Cir. 1996). The only claims that cannot be waived are claims that the waiver itself was involuntary or that ineffective assistance of counsel rendered the waiver involuntary. *See Washington v. Lampert*, 422 F.3d 864, 871 (9th Cir. 2005) (holding that a plea agreement that waives the right to file a federal habeas petition is unenforceable with respect to an ineffective assistance of counsel claim that challenges the voluntariness of the waiver); *Abarca*, 985 F.2d at 1014 (declining to hold that a waiver forecloses a claim of ineffective assistance or

1 involuntariness of the waiver).

2     As part of his plea agreement, Petitioner made the following waiver:

> In exchange for the Government's concessions in this plea agreement, defendant waives, to the full extent of the law, any right to appeal or to collaterally attack the conviction and sentence, including any restitution order, unless the Court imposes a custodial sentence higher than the high end of the guideline range (or statutory minimum term, if applicable) recommended by the Government pursuant to this agreement at the time of sentencing.

(Plea Agreement at 11.)  Petitioner declared in his Plea Agreement that he had discussed its terms with his attorney, that he fully understood its meaning and effect, and that he entered into the plea agreement voluntarily.  (*Id.* at 5, 12.)  The claims in the instant Petition all pertain to sentencing and do not challenge the voluntariness of the waiver, and Petitioner presents no evidence that the waiver was not voluntarily made.  In addition, the language of the plea agreement expressly waives Petitioner's right to collaterally attack his sentence, and the Court sentenced Petitioner within the guideline range recommended by the Government.  Because the conditions of the plea agreement have been met, the plea agreement encompasses Petitioner's right to collateral attack, and Petitioner knowingly and voluntarily entered into the plea agreement, the Court **FINDS** that Petitioner waived the sentencing issues raised in his § 2255 motion.

## II.   Petitioner's Equal Protection Argument

    Even if Petitioner had not waived his right to collateral attack, his argument that his Fourteenth Amendment rights have been violated is without merit.  Petitioner argues that his right to equal protection is being violated because as a deportable alien, he is ineligible for a one-year sentence reduction for attending a drug treatment program during incarceration and for early release to a halfway house.  (Pet. at 2.)  Petitioner's argument was squarely rejected by the Ninth Circuit in *McLean v. Crabtree*, 173 F.3d 1176, 1183-86 (9th Cir. 1999).  In *McLean*, the Ninth Circuit held that the denial of benefits such as those sought by Petitioner to deportable aliens does not violate the Constitution.  *See id.* at 1186.  The Ninth Circuit found that the exclusion of deportable aliens from community-based treatment programs is rationally related to the Bureau of Prisons' legitimate interest in

1  preventing prisoners from fleeing immigration detainers while participating in such
2  programs. *Id.* Accordingly, Petitioner's claim of an illegal sentence based on disparate
3  treatment fails. Because the Petition and the files and records of this case conclusively
4  show that Petitioner is entitled to no relief, the Court **SUMMARILY DISMISSES with**
5  **prejudice** the Petition for Writ of Habeas Corpus.
6      **IT IS SO ORDERED.**
7  DATED: August 3, 2007
8  _____
   HON. NAPOLEON A. JONES, JR.
9     United States District Judge
10 cc: All Parties